**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

WILLIS RAY THOMPSON,                )
                                    )
                    Petitioner,     )
                                    )
v.                                  )          **Case No. 09-CV-0267-CVE-FHM**
                                    )
RANDALL G. WORKMAN, Warden,         )
                                    )
                    Respondent.     )

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and is represented by counsel. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner filed a response to the motion (Dkt. # 11), and an amended response (Dkt. # 15). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

*BACKGROUND*

Petitioner Willis Ray Thompson challenges his First Degree Murder conviction entered in Mayes County District Court, Case No. CF-2002-182. In prosecuting the case against Petitioner, the State alleged that Petitioner hired Darrell Wayne Barnes[1] to murder Petitioner's wife, Cheryl Thompson. Petitioner was tried by a jury from November 19 through November 24, 2003, on a

---

[1]Barnes was convicted in Mayes County District Court, Case No. CF-2001-170, on August 5, 2002, on his pleas of guilty of Conspiracy to Commit Murder (Count 1) and Third Degree Arson (Count 2). He was sentenced to ten (10) years imprisonment on Count 1 and to fifteen (15) years imprisonment on Count 2, to be served consecutively. <u>See</u> www1.odcr.com.

charge of First Degree Murder in the shooting death of his wife.  On November 24, 2003, the jury

returned a verdict of guilty and recommended a sentence of life imprisonment.  On February 6,

2004, the trial court sentenced Petitioner in accordance with the jury's recommendation. Petitioner

appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA") where, on May 6,

2005, in Case No. F-2004-155, his conviction was affirmed. See Dkt. # 10, Ex. 1. Nothing in the

record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On January 30, 2008, Petitioner, represented by attorney Brian R. McLaughlin, filed an

application for post-conviction relief.  See Dkt. # 10, Ex. 2.  By order filed May 2, 2008, the state

district court denied the requested relief.  Id.  Petitioner did not pursue a post-conviction appeal.

On May 1, 2009, Petitioner, continuing to be represented by attorney McLaughlin, filed his

petition for writ of habeas corpus.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas

corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on August 4, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on August 4, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 4, 2006, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).  Petitioner commenced this action on May 1, 2009,  or more than two (2) years beyond the deadline.  Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period.  Petitioner's application for post-conviction relief was not filed until

January 30, 2008, or almost eighteen (18) months after the August 4, 2006, deadline.  A collateral

petition filed in state court after the limitations period has expired no longer serves to toll the statute

of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-

conviction proceeding commenced by Petitioner after expiration of the limitations period did not

toll the limitations period.  Therefore, this action, commenced on May 1, 2009, appears to be

untimely.

　　　In response to the motion to dismiss, Petitioner concedes that he filed his petition after

expiration of the one-year limitations period.  In an effort to save his petition, however, Petitioner

invokes the doctrine of equitable tolling.  See Dkt. ## 11, 15.  He asserts a claim of actual innocence.

Id. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller

v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).   To be eligible for equitable tolling, a petitioner must

make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.

2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely

filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court

will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim

of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304,

1307 (11th Cir. 2008)).  A claim of actual innocence may warrant equitable tolling, see Gibson v.

Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he

"diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant

must "support his allegations of constitutional error with new reliable evidence-whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that

4

was not presented at trial," <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," <u>id.</u> at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." <u>Phillips v. Ferguson</u>, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

The Court finds that Petitioner has failed to demonstrate entitlement to equitable tolling. As a threshold matter, the record in this case does not reflect that Petitioner pursued his claim of actual innocence diligently. <u>Miller</u>, 141 F.3d at 978; <u>Gibson</u>, 232 F.3d at 808. Almost four (4) full years passed between the issuance of the OCCA's opinion affirming Petitioner's conviction on direct appeal and the commencement of this federal habeas corpus action. In addition, Petitioner did not appeal the state district court's denial of his application for post-conviction relief to the OCCA and waited almost a full year from the date of the state district court's order before filing his federal petition.[2] Petitioner was responsible, despite his incarceration, for insuring diligent pursuit of his habeas claims and compliance with filing requirements, including the one-year limitations period. As indicated above, the delay of four (4) years in this case does not reflect reasonable diligence by Petitioner, especially in light of Petitioner's claim of actual innocence.

In support of his claim of actual innocence, Petitioner provides, *inter alia*, the affidavits of Robert Armstrong, <u>see</u> Dkt. # 11, Ex. E, and Clint Walker, <u>see</u> Dkt. # 15, Ex. F. Upon review of the affidavits, the Court finds they are not evidence of actual innocence sufficient to entitle Petitioner

---

[2]Even if this petition were not time-barred, the Court would be unable to grant habeas relief on any federal claim raised for the first time in Petitioner's application for post-conviction relief because any such claim is unexhausted as a result of Petitioner's failure to present his claims to the OCCA on post-conviction appeal.

to equitable tolling.  First, although the affidavit of Robert Armstrong suggests that Darrell Barnes may have been present with the victim at her home at some time prior to her murder, it is not evidence of Petitioner's actual innocence.  Next, the affidavit of Clint Walker does not qualify as "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.  It is not exculpatory scientific evidence, nor is it a trustworthy eyewitness account, nor is it critical physical evidence. Instead, it is hearsay in the form of statements made by Darrell Barnes to his cellmate, Mr. Walker.  See Knickerbocker v. Wolfenbarger, 212 Fed.Appx. 426 (6th Cir. 2007) (unpublished) (finding that affidavit by codefendant's fellow inmate stating that codefendant had told him that the petitioner had nothing to do with murder was insufficient evidence of actual innocence to support equitable tolling because the statement was hearsay and thus presumptively less reliable).  The lack of new reliable evidence coupled with Petitioner's lack of diligence precludes equitable tolling of the one-year limitations period based on a claim of actual innocence.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  He did not diligently pursue his federal claims and for that reason, he is not entitled to equitable tolling of the limitations period.  Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2.    The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

6

3.      A separate Judgment shall be entered in this matter.


        **DATED** this 15th day of December, 2009.


                                        CLAIRE V. EAGAN, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

7